IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:04cr38 |
| | § | |
| RONALD KENDRIC MCCOY (1) | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

  Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on October 26, 2010, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson. The Government was represented by Jay Combs.

  On August 31, 2004, Defendant was sentenced by the Honorable Richard A. Schell, United States District Judge, to a sentence of 40 months imprisonment followed by a three-year term of supervised release. Defendant began his term of supervision on August 14, 2007.

  On March 16, 2010, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 33). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month; (3) Defendant shall not associate with any persons engaged in criminal activity and shall not

1

associate with any person convicted of a felony, unless granted permission to do so by the probation officer; (4) Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless payment of any financial obligation ordered by the Court has been paid in full; and (5) Defendant shall pay restitution at a monthly rate of 10% of his gross income, in the amount of $107,637.99.

The Petition alleges that Defendant committed the following violations: (1) on February 24, 2010, Defendant was arrested by the Allen Police Department for the felony offense of Fraudulent Use of Identifying Information; (2) Defendant failed to report as instructed on July 10 and September 8, 2009, Defendant failed to submit a written monthly report for the month of April 2009, by the 5th day of the month, and the written monthly report was received on May 11, 2009; (3) Defendant's parents, Mr. and Mrs. Charles McCoy, as well as his sister, Anissa McCoy, with whom he previously resided, were arrested for the concurrent offense of Fraudulent Use of Identifying Information; (4) as reflected on Defendant's credit report, a Capital One credit account was opened in his name in April 2009; and (5) as of the date of the filing of the Petition, the last restitution payment in the amount of $25 was posted on December 21, 2009, Defendant has failed to make payments as directed during the months of November 2008, March 2009, May 2009, June, 2009, July 2009, September 2009, October 2009 and January 2010, and the total restitution paid is $1,054.18, rendering a balance of $106,583.81.

At the hearing, Defendant entered a plea of true to the allegation that he was arrested by the Allen Police Department for the felony offense of Fraudulent Use of Identifying Information. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. Based on Defendant's plea of true as to the allegation as to his

arrest, the Court finds that Defendant has violated the terms of his supervised release and that it should be revoked.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments presented at the October 26, 2010 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 10 months, to be served consecutively to any other sentence being served, with 26 months of supervised release to follow.

Defendant is to pay restitution totaling $107,637.99 to the victims and in the amounts listed in the "Victim Impact" section of the Presentence Report. The restitution payments shall begin immediately. Any amount that remains unpaid when Defendant's supervision commences is to be paid on a monthly basis at a rate of at least ten percent of Defendant's gross income, to be changed during supervision, if needed, based on Defendant's changed circumstances, pursuant to 18 U.S.C. § 3664(k). Restitution is payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, P. O. Box 570, Tyler, Texas 75710.

The Court finds that Defendant does not have the ability to pay interest. The Court will waive the interest requirement in this case.

While incarcerated, it is recommended that Defendant participate in the Inmate Financial Responsibility Program at a rate determined by Bureau of Prisons staff in accordance with the requirements of the Inmate Financial Responsibility Program.

The Court finds that Defendant does not have the ability to pay a fine. The Court will waive the fine in this case.

Further, Defendant shall pay to the United States a special assessment of $100, which is due immediately, payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, P. O. Box 570, Tyler, Texas 75710.

Upon release from imprisonment, Defendant shall be placed on supervised release for a term of three years. Within 72 hours of release from the custody of the Bureau of Prisons, Defendant shall report in person to the probation office in the district which Defendant is released. Plaintiff may take anderson's deposition prior to trial.

While on supervised release, Defendant shall not commit another federal, state or local crime, shall comply with the standard conditions that have been adopted by this Court, and shall comply with the following additional conditions:

Defendant shall pay any financial penalty that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.

Defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring compliance with the restitution order.

Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full.

Defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer.

Under the guidance and direction of the U.S. Probation Office, Defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider.

Defendant is prohibited from participating in any form with internet auction, internet sales, or using any third-party payment internet payment services, such as PayPal.

**SIGNED this 28th day of October, 2010.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE