# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:04cr38 |
| | § | |
| RONALD KENDRIC MCCOY (1) | § | |

## MEMORANDUM ADOPTING REPORT AND
## RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the above-referenced criminal action, this court having heretofore referred the request for modification of Defendant's supervised release to the United States Magistrate Judge for proper consideration. The court has received the report of the United States Magistrate Judge pursuant to its order. Defendant having waived allocution before this court as well as his right to object to the report of the Magistrate Judge, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct.

It is, therefore, **ORDERED** that the Magistrate Judge's Report is **ADOPTED** as the opinion of the court. It is further **ORDERED** that Defendant's supervised release is hereby **REVOKED**. It is further **ORDERED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 10 months, to be served consecutively to any other sentence being served, with 26 months of supervised release to follow.

Defendant is to pay restitution totaling $107,637.99 to the victims and in the amounts listed in the "Victim Impact" section of the Presentence Report. The restitution payments shall begin immediately. Any amount that remains unpaid when Defendant's supervision commences is to be paid on a monthly basis at a rate of at least ten percent of Defendant's gross income, to be changed during supervision, if needed, based on Defendant's changed circumstances, pursuant to 18 U.S. C.

§ 3664(k). Restitution is payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, P. O. Box 570, Tyler, Texas 75710.

The court finds that Defendant shall, in fairness, pay interest on the restitution he owes.

While incarcerated, it is recommended that Defendant participate in the Inmate Financial Responsibility Program at a rate determined by Bureau of Prisons staff in accordance with the requirements of the Inmate Financial Responsibility Program.

The court will not order a fine in this case because the court does not want payment of a fine to impair the Defendant's ability to pay interest.

Further, Defendant shall pay to the United States a special assessment of $100, which is due immediately, payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, P. O. Box 570, Tyler, Texas 75710.

Upon release from imprisonment, Defendant shall be placed on supervised release for a term of three years. Within 72 hours of release from the custody of the Bureau of Prisons, Defendant shall report in person to the probation office in the district which Defendant is released.

While on supervised release, Defendant shall not commit another federal, state or local crime, shall comply with the standard conditions that have been adopted by this court, and shall comply with the following additional conditions:

Defendant shall pay any financial penalty that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.

Defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring compliance with the restitution order.

Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the court has been paid in full.

Defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer.

Under the guidance and direction of the U.S. Probation Office, Defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider.

Defendant is prohibited from participating in any form with internet auction, internet sales, or using any third-party payment internet payment services, such as PayPal.

**IT IS SO ORDERED.**

**SIGNED** this __29__ day of December, 2010.

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE